UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH JILLSON,

    Plaintiff,

v.                                      Civil Case No. 21-12276
                                          Honorable Linda V. Parker

GARETT SCHWINDEL,
and SKT2, LLC d/b/a
KAGWERKS

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF NO. 17)

Plaintiff initiated this lawsuit, a breach of contract case, against Defendants Garett Schwindel and SKT2, LLC d/b/a Kagwerks (collectively "Defendants") on September 27, 2021. (ECF No. 1.) On December 9, 2021, the Court entered a scheduling order setting *inter alia* these deadlines:

| | |
|---|---|
| Rule 26(a)(2) Expert Disclosures: | May 27, 2022 |
| Rebuttal: | June 24, 2022 |
| Discovery Cutoff: | August 19, 2022 |
| Dispositive Motions: | September 30, 2022 |

(ECF No. 13.) Presently before the Court is Plaintiff's Motion to Extend the Scheduling Order Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4). (ECF No. 17.) The motion is fully briefed. (ECF Nos. 18, 19.)

In the motion, Plaintiff asks the Court to extend the dates above by between three and four months. (ECF No. 17 at Pg ID 104.) Plaintiff asserts that the current deadlines will be difficult to meet due to the timing of Defendant's document productions and "Plaintiff's counsel's other work commitments and previously scheduled summer vacations." (*Id.* at Pg ID 103-04.)

Defendants agree to a six-week extension of the discovery and dispositive motion deadlines but argue that a longer extension is "excessive and unnecessary." (ECF No. 18 at Pg ID 128.) However, Defendants maintain that the expert disclosure deadlines should not be extended as Plaintiff's purported expert disclosure did not satisfy Federal Rule of Civil Procedure 26(a)(2) and, the deadlines have now passed, and Plaintiff moves under the wrong rule and standard to extend those deadlines. (*Id.*. at Pg ID 127-28.) Defendants argue that Plaintiff cannot satisfy the applicable standard to extend those deadlines, which is excusable neglect.

In reply, Plaintiff acknowledges that "excusable neglect" is the applicable standard with respect to deadlines that have passed. (ECF No. 19 at Pg ID 182.) Plaintiff argues, however, that the standard is met. According to Plaintiff, "[t]he

Defendants here would not be prejudiced in any way – a deposition of the timely disclosed experts can still be conducted, and a rebuttal report can be filed (as it would have been if the expert report had already been provided)." (*Id*. at Pg ID 185.)

It is important to note that Plaintiff attributes the delay in Defendant's response to its First Discovery Requests on February 3, 2022, as the reason for the requested additional time to provide his expert's report. Specifically, Plaintiff states that Defendant's responses to Plaintiff's First Discovery Requests were due on March 7, 2022, but Defendants did not make their first and second production of documents until May 9 and 19, 2022, respectively. While the Court is troubled by Plaintiff's failure to seek an extension of time to submit the expert's report before the expiration of the due date, it will nevertheless extend the time for Plaintiff to do so. An extension will aid both parties and based upon the time frame the Court will impose for submission of the expert's report, the Court concludes that such an extension will not cause any material delay. Accordingly, the Court orders that the expert disclosures be provided within thirty days (30) of this order, and rebuttal is due within twenty-one (21) days. Plaintiff shows good cause to extend the discovery and dispositive deadlines by a compromise in the amount of time, less than that suggested by Plaintiff and more than suggested by

Defendants. Accordingly, the Court is extending the discovery cut-off to November 14, 2022, and the dispositive motion cut-off until December 19, 2022.

Accordingly,

Plaintiff's motion (ECF No. 17) is **GRANTED IN PART AND DENIED IN PART and the scheduling order is amended as follows:**

| | |
|---|---|
| Rule 26(a)(2) Expert Disclosures: | October 6, 2022 |
| Rebuttal: | October 27, 2022 |
| Discovery Cutoff: | November 14, 2022 |
| Dispositive Motions: | December 19, 2022 |

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2022